IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BALJINDER SINGH, A4317 567 | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. CCB-06-817 |
| CALVIN McCORMICK, et al., | * | |
| Respondent. | | |
| | ****** | |

## MEMORANDUM

On March 28, 2006, Baljinder Singh, a Department of Homeland Security, Immigration and Customs Enforcement ("ICE") detainee currently housed at the Wicomico County Detention Center, filed this 28 U.S.C. § 2241 petition for writ of habeas corpus seeking immediate release, alleging that his continued detention violates the dictates of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Paper No. 1. On May 17, 2006, respondents filed their answer, arguing that the case should be dismissed.[1] Paper No. 3. On June 5, 2006, respondents filed a Notice of Intent to Remove. Paper No. 4. Petitioner has not filed a reply to either pleading.

No oral argument is necessary because the issue has been fully briefed. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the court will by separate Order dismiss the petition for writ of habeas corpus.

### I. Background

Petitioner is a citizen of India who was admitted to the United States in 1993 as a lawful permanent resident. Paper No. 3, Ex. A. On February 13, 2004, petitioner was convicted in the

---

[1] Respondents move to dismiss the case against McCormick, Riccio, and Caterisano on the ground that they are not the proper respondents to this case. Paper No. 3. The request shall be granted. *See Rumsfield v. Padilla*, 542 U.S. 426, 435 (2004) (where alien is solely challenging his detention, proper respondent is custodian)

Circuit Court of Maryland for Baltimore City of first degree assault and was sentenced to 15 years incarceration.  Paper No. 3, Ex. A.  On May 24, 2004, petitioner was served with a Notice to Appear charging him as being removable for being an alien convicted of an aggravated felony.  *Id*.

Petitioner was ordered to be removed to India by an Immigration Judge ("IJ") on April 19, 2005.  *Id*., Ex. B.  Petitioner timely appealed the decision of the IJ to the Board of Immigration Appeals, which affirmed the IJ's decision on September 29, 2005.  *Id*., Ex. C.  Petitioner did not file for further review.  On September 20, 2005, petitioner was taken into ICE custody.  *Id*., Ex. D.

On October 20, 2005, a written request for travel documents was sent to the Embassy of India.  *Id*., Ex. D.  Thereafter, ICE officers made repeated contacts with the Embassy of India regarding the issuance of travel documents for petitioner.  *Id*.  Travel documents have been issued and petitioner is scheduled to be removed on or after June 20, 2006.  Paper No. 4.

## II. Analysis

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention.  In sum, the Supreme Court found that after an order of deportation became final, an alien may be held for a six-month period.  After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

Petitioner has failed to meet his burden of proof in that he has offered no evidence that his removal is not significantly likely in the reasonably foreseeable future. To the contrary, respondents' recent filings with the court, evidencing that the necessary travel documents have been received and that petitioner's deportation to India is now imminent, refute any such contention and render petitioner's habeas challenge to his post-order detention under *Zadvydas* moot.

### III. Conclusion

In light of the foregoing the petition for habeas corpus relief shall be dismissed. A separate Order follows.

  June 16, 2006                                                          /s/
Date                                                                 Catherine C. Blake
United States District Judge